UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
---------------------------------X  Civil Action No.
NATALIE VILLANUEAVA

                Plaintiff,

   -against-

                                         **COMPLAINT**

COUNTY OF NASSAU, NASSAU
COUNTY POLICE OFFICER
KENNETH C. KRAEMER and
NASSAU COUNTY POLICE OFFICERS     **JURY TRIAL**
JOHN DOES #1-5, NAMES               **DEMANDED**
FICTITIOUS TRUE NAMES UNKNOWN
INTENDING TO BE NASSAU COUNTY
POLICE OFFICERS AT THE DATES
AND TIMES COMPLAINED OF

                Defendants.
---------------------------------X
S I R S:

      Plaintiff, by her attorney, MICHAEL B. PALILLO, ESQ., complaining of the Defendants herein, alleges upon information and belief, as follows:

## NATURE OF THE CLAIM

    1.   That this is an action for deprivation of Plaintiff's Civil Rights guaranteed to her under the Fourth and Fourteenth Amendments to the United States Constitution, Article I 12 of the New York Constitution and New York State Law, committed by the Defendants while acting in concert and under the guise of New York State law.

2. Plaintiff basis this action is upon her illegal seizure by various members of the Nassau County Police Department on the 6th day of March, 2020. This Court is authorized to grant the Plaintiff the relief under 42 U.S.C. 1983 and 1988.

**JURISDICTION**

3. Jurisdiction in this matter is invoked in accordance with 28 U.S.C. 1331 and 28 U.S.C. 1983. Plaintiff further invokes the supplemental jurisdiction of the Court to hear and decide claims arising out of the pendant state claims pursuant to 28 U.S.C. 1376(a).

**VENUE**

4. Venue is proper in the Eastern District of New York pursuant to 28 U.S.C. 1391(b) as all of the events and omissions giving rise to the Plaintiff's claims occurred in Nassau County in the Eastern District of New York, the actual place of the employment of all of the individual police officers and at the time of this incident the Plaintiff resided in Nassau County which is in the Eastern District of New York.

**THE PARTIES**

5. The Plaintiffs currently resides at 20 Pine Gate East Patchogue, County of Suffolk, State of New York.

6. Upon information and belief at all relevant times described herein, the Defendant THE COUNTY OF NASSAU (hereinafter to as "NASSAU") was and continues to be a municipal corporation organized and existing under and by virtue of the laws of the State of New York.

7. That at all dates and times hereinafter mentioned Defendant "NASSAU" by it's agents and/or employees, operated, maintained and controlled the Nassau County Police Department, employed and controlled all the Police Officers

8. Upon information and belief, at all relevant times herein Police Officer Kenneth C. Kraemer (hereinafter referred to as "KRAEMER") is an individual and employee of "NASSAU" with an actual place of employ within the County of Nassau, State of New York.

9. Upon information and belief, at all relevant times described herein, Defendant "KRAEMER" was acting within the scope of his employment as a Police Officer and/or employee of "NASSAU."

10. Upon information and belief, at all relevant times herein POLICE OFFICERS "JOHN/JANE DOES" 1-5, (hereinafter referred to as "JOHN/JANE DOES") are individuals and employees of "NASSAU" with an actual place of employ within the County of Nassau, State of New York.

11. Upon information and belief, at all relevant times described herein, Defendants "JOHN/JANE DOES" were acting within the scope of their employment as County of "NASSAU" Police Officers and/or employees of the County of "NASSAU."

12. That a Notice of Claim on behalf of Plaintiff was duly presented to the Defendant "NASSAU" care of the Nassau County Attorney on the 6th day of May 2020 which was within ninety (90) days of the cause of action accruing herein.

13. That the County of "NASSAU" has demanded a hearing for Plaintiff pursuant to §50-H of the General Municipal Law, and a hearing was held on October 30, 2020.

14. Said claim has been presented for adjustment/payment and no adjustment or payment has been held.

15. This action has been brought within one year and ninety (90) days of the happening of the event complained of.

16. That an Amended Notice of Claim was duly presented to the Defendant "COUNTY", in care of the Nassau County Attorney on the 2nd day of November 2020.

17. That the Amended Notice of Claim was timely filed pursuant to Executive Order 202.8, as extended, which tolled the filing of a Notice of Claim as of November 3, 2020.

## FACTUAL BACKGROUND

18. That on March 6, 2020, at approximately 4:45 P.M. Plaintiff drove from her then home in Baldwin, to the CVS Drug Store located at 1829 Grand Avenue, Baldwin, New York.

19. After parking in the lot and shopping, the Plaintiff returned to her vehicle placing her pocket book on the front passengers seat.

20. That the Plaintiff sat in her vehicle, looked in the back seat, spoke on the telephone and began crying.

21. Plaintiff exited the parking lot and traveled North on Grand Avenue, Baldwin, New York for approximately one mile.

22. Approximately one block south of Demott Avenue, the Plaintiff observed flashing lights behind her and pulled over.

23. Two individuals approached her vehicle, one from the drivers side and one from the passengers side.

24. They were identified as Police Officers.

25. The Police Officer on the drivers side told the Plaintiff that she was pulled over for failing to signal, which she denied.

26. The same Police Officer asked the Plaintiff why she was upset, why she remained inside her vehicle after going inside CVS and why she looked into the back seat of her vehicle while parked in the CVS parking lot.

27. Plaintiff responded she was upset and crying because she was just arguing with her then fiancé.

28. Plaintiff responded that she went into the back seat to look for a receipt because they were arguing over finances.

29. While the Plaintiff was responding to the interrogation by the Police Officer on the drivers side, the Police officer on the passengers side was looking inside her pocket book.

30. That shut prescription medicine bottles were removed from Plaintiff's pocket book.

31. The exterior of the prescription bottles identified the drug store, Plaintiff's name, the type of medicine and proscribing Doctor.

32. That the shut prescription medication bottles were opened by one or both of the Police Officers.

33. The Plaintiff was interrogated by the officers regarding the prescription medication in her pocket book.

34. The Plaintiff responded that she has prescriptions for all the medications she had.

35. The Plaintiff advised the Police Officers that she recently under went back surgery, which is why she had the prescription for pain killers.

36. The Plaintiff advised the Police Officers that she also takes medication for "Attention Deficit Disorder."

37. In one of the shut prescription bottles opened by the Police Officers Officer(s) two were two types of pills.

38. The Police Officers accused the Plaintiff of having Ritatin in the bottle.

39. The Plaintiff advised the officers that the medication in the bottle was prescribed to her and it was the same medication just two different strengths, to wit, methylphenidate 54 mg extended release during the daytime and methylphenidate 10mg in the late afternoon.

40. The officers were relentless and continued to accuse the Plaintiff of having Ritalin stating "we know what it looks like."

41. The Plaintiff advised the officers that CVS has a record of all the medication she takes and they could verify the type and dosage of medication she takes.

42. The Police Officers refused to contact CVS and told the Plaintiff she was going to be arrested.

43. That the Defendants did place their hands onto the Plaintiff and handcuffed her while she stood on the sidewalk.

44. The Plaintiff was transported in handcuffs by the Police Officers to a police precinct.

45. The Plaintiff remained on a bench in handcuffs, then moved to a holding cell in handcuffs.

46. The Plaintiff repeatedly told the Defendants and Police Officers that she recently underwent back surgery and that she was in pain as her back was hurting her.

47. In spite of Plaintiff's complaints of pain, she was not offered medical assistance.

48. The Plaintiff was searched by a female police officer, interviewed, fingerprinted, photographed and returned to a holding cell.

49. The Plaintiff was told by one of the Officers that she was going to be released, but if she complained about back pain she would have to go to the hospital, which would take longer.

50. The Plaintiff was told that if she declined medical care she would be released immediately.

51. The Plaintiff agreed because she was first told that she was going to be released then told she was not going to be released and would continue to remain under arrest.

52. The Plaintiff was given a desk appearance ticket issued by PO "KRAMER" charging her with three counts of possession of a criminal substance in the 7th degree, Penal Law 220.03.

53. The Plaintiff was not issued any summons for violation of any vehicle and traffic laws which was the pretext for the Police Officers stopping her vehicle.

54. The Plaintiff was to appear in the First District Court, County of Nassau Arraignment Part 99 Main Street, Hempstead, New York on March 24, 2020, which the Court thereafter adjourned.

55. That on October 1, 2020 the Plaintiff appeared in the First District Court with Counsel when she was arraigned.

56. That on October 1, 2020 the charges against the Plaintiff were dismissed pursuant to Criminal Procedure Law 170(1)(g) and sealed pursuant to Criminal Procedure Law 160.50.

## AS AND FOR A FIRST CAUSE OF ACTION

57. Plaintiff, repeats, reiterates and realleges each and every allegation previously set forth herein with the same force and effect as though each were fully set forth at length herein.

58. On March 6, 2020 the Plaintiff was intentionally detained by the Defendant Officers.

59. That following her arrest the Plaintiff was incarcerated for approximately three (3) hours.

60. In detaining the Plaintiff, the Officers were acting under color of State Law, within the purview of 41 U.S.C. 1983, and within the scope of their employment by the Nassau County Police Department.

61. The Plaintiff did not resist her arrest, detention or confinement.

62. The Plaintiff was aware of her detention and confinement.

63. The Plaintiff did not consent to being detained and confined.

64. The Plaintiff's detention and confinement was not privileged and Plaintiff was arrested without probable cause that she had committed any crime.

65. As a result of Plaintiff's illegal detention, the Defendants lack of reasonable suspicion, probable cause, an arrest warrant or any other valid legal reason to effectuate the arrest of the Plaintiff, this arrest and the actions of the Defendants amounted to an unlawful arrest and imprisonment, and Plaintiff's Fourth and Fourteenth Amendment rights were violated.

66. As a proximate result of Defendants intentional and malicious actions, the Plaintiff was greatly humiliated, injured her reputation, caused her to incur attorney's fees, caused her to lose income, and other special damages, and has suffered great mental anguish causing damages in an amount to be determined at trial, plus punitive damages and attorneys fees.

## AS AND FOR A SECOND CAUSE OF ACTION

67. Plaintiff, repeats, reiterates and realleges each and every allegation previously set forth herein with the same force and effect as though each were fully set forth at length herein.

68. That on October 1, 2020, Plaintiff was arraigned in Nassau County and charges with three counts of criminal possession of a controlled substance in the 7th degree, Penal Law 220.03.

69. That the charges were dismissed in their entirety on October 1, 2020 under Criminal Procedure Law 170.30 and the record sealed pursuant to Criminal Procedure Law 160.50.

70. That as a result of the fraudulent charge/indictment, the Plaintiff was required to retain an attorney.

71. The Defendants participated in the investigation of allegations against the Plaintiff as well as the criminal prosecution against her.

72. The Criminal prosecution of the Plaintiff was commenced despite Defendant's knowledge that the Plaintiff did not have a controlled substance in her possession for which she did not have a prescription and that probable cause for her arrest and initiation of prosecution did not exist.

73. By participation of the arrest and prosecution of the Defendant acted with malice independent of their lack of knowledge of probable cause.

74. As a result of Defendant's malicious filing and prosecution of criminal charges against her, the Plaintiff's Fourth and Fourteenth Amendment rights were violated.

75. As a proximate result of Defendants intentional and malicious actions, the Plaintiff was greatly humiliated, injured her reputation, caused her to incur attorney's fees, caused her to lose income, and other special damages, and has suffered great mental anguish causing damages in an amount to be determined at trial, plus punitive damages and attorneys fees.

### AS AND FOR A THIRD CAUSE OF ACTION

76. Plaintiff, repeats, reiterates and realleges each and every allegation previously set forth herein with the same force and effect as though each were fully set forth at length herein.

74. Upon information and belief, it was custom, policy and practice of "NASSAU" and the Defendants to maintain a mandatory arrest policy for offenses related to drugs and including the possession of a controlled substance.

75. Upon information and belief, it was the custom, policy and practice of NASSAU to conduct inadequate investigations for offenses related to drugs and including the possession of controlled substance.

76. Upon information and belief, it was the custom, policy and practice of the Defendants to conduct inadequate investigations of offenses related to drugs and including the possession of a controlled substance.

77. Upon information and belief, it was the custom, policy and practice of "NASSAU" to continue to employ Police Officers, including the Defendant Police Officers, after it was known that such officers failed to conduct proper investigations.

78. Upon information and belief, "NASSAU" had a policy to permit arrests without probable cause for offenses related to drugs and in particular possession of a controlled substance.

79. Upon information and belief, "NASSAU" County had a pattern of practice in which arrests were made without probable cause as a result of their mandatory arrest policy for offenses related drugs and in particular to possession of controlled substances.

80. Upon information and belief, "NASSAU" County had a procedure by which Police Officers were compelled to make an arrest for offenses related to drugs and in particulars controlled substances regardless of whether they possessed probable cause.

81. Upon information and belief, "NASSAU" County trained it's officers that arrests were mandatory in offenses related to drugs and in particular controlled substances regardless of the presence of probable cause.

82. Upon information and belief, "NASSAU" County failed to supervise it's officers to ensure that they possessed probable cause to effectuate arrests as it pertains to offenses related to drugs and controlled substances.

83. Upon information and belief, these customs, policies and practices were the moving force, proximate cause or affirmative link behind the conduct causing Plaintiff's injuries.

84. "NASSAU" is therefore liable for violations of Plaintiff's Constitutional rights as caused by the Defendants as described in more detail in the foregoing paragraphs; and the Plaintiff has suffered damages therefrom.

85. As a proximate result of Defendants intentional and malicious actions, the Plaintiff was greatly humiliated, injured her reputation, caused her to incur attorney's fees, caused her to lose income, and other special damages, and has suffered great mental anguish causing damages in an amount to be determined at trial, but no less that ONE MILLION DOLLARS ($1,000,000.00) plus attorneys fees.

## AS AND FOR A FOURTH CAUSE OF ACTION

86. Plaintiff, repeats, reiterates and realleges each and every allegation previously set forth herein with the same force and effect as though each were fully set forth at length herein.

87. That the Defendant "NASSAU" was responsible for supervising, overseeing and controlling their subordinates in the Nassau County Police Department.

88. That the Defendant "NASSAU" was responsible for supervision overseeing and controlling it's Police Officers in the discharge of their duties as members of the Nassau County Police Department.

89. That the Defendant "NASSAU" intentionally failed to adequately supervise, oversee, and control the Defendant Police Officers.

90. That the Defendant "NASSAU" failed to adequately supervise, oversee, and control the Defendant Police Officers in the discharge of their duties as Nassau County Police Offices.

91. As a proximate result of Defendants intentional and malicious actions, the Plaintiff was greatly humiliated, injured her reputation, caused her to incur attorney's fees, caused her to lose income, and other special damages, and has suffered great mental anguish causing damages in an amount to be determined at trial,

92. No other lawsuits have been brought by the Plaintiff in any State or Federal Court dealing with the same facts alleged herein.

**WHEREFORE**, Plaintiff demand judgment against the Defendants as follows:

a) For compensatory damages against all Defendants in an amount to be determined at trial but in no event less than ONE MILLION DOLLARS ($1,000,000.00)

b) For exemplary and punitive damages against all Defendants in an amount to be proved at trial

c) For attorneys fees pursuant to 43 U.S.C. 1988 against all Defendants;

d) Together with the costs and disbursements of this action and for such other and further relief as to this Court deems just proper and equitable.

Dated: New York, New York
November 11 2020

*Michael B. Palillo*

MICHAEL B. PALILLO (MP 0044)
MICHAEL B. PALILLO, P.C.
Attorney for Plaintiffs
277 Broadway, Suite 501
New York, NY 10007
(212) 608-8959

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - -X
NATALIE VILLANUEVA,

        Plaintiff,                  **VERIFICATION**

  -against-                   Civil Action No.

COUNTY OF NASSAU, NASSAU
COUNTY POLICE OFFICER
KENNETH C. KRAEMER and
NASSAU COUNTY POLICE OFFICERS
JOHN DOES #1-5, NAMES
FICTITIOUS TRUE NAMES UNKNOWN
INTENDING TO BE NASSAU COUNTY
POLICE OFFICERS AT THE DATES
AND TIMES COMPLAINED OF,

        Defendants.

- - - - - - - - - - - - - - - - -X

      Michael B. Palillo, an attorney duly admitted to practice law in the Courts of the State of New York affirms the following under penalties of perjury:

      1. I am the attorney for the Plaintiff(s) in the above captioned matter. I have read the foregoing Complaint and know the contents thereof; the same is true to my knowledge, except as to matters therein stated to be alleged upon information and belief, and as to those matters I believe it to be true based on a review of the files maintained in this office and conversations had with the Plaintiff(s). The reason why this verification is

made by the undersigned attorney rather than the Plaintiff(s) is that the Plaintiff(s) do/does not reside in the County were in I maintain my office for the practice of law.

Dated: New York, New York
      November 11, 2020

*Michael B. Palillo*
_____
Michael B. Palillo, Esq.

Case No.

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

NATALIE VILLANUEVA,

        Plaintiff,

-against-

COUNTY OF NASSAU, NASSAU
COUNTY POLICE OFFICER
KENNETH C. KRAEMER and
NASSAU COUNTY POLICE OFFICERS
JOHN DOES #1-5, NAMES
FICTITIOUS TRUE NAMES UNKNOWN
INTENDING TO BE NASSAU COUNTY
POLICE OFFICERS AT THE DATES
AND TIMES COMPLAINED OF,

        Defendants.

## SUMMONS & VERIFIED COMPLAINT

### Michael B. Palillo P.C.
*Attorneys for Plaintiff(s)*
*Office and Post Office Address:*
**277 Broadway, Suite 501**
**New York, NY 10007**
**(212) 608-8959**
(212) 608-0304 Fax (Not for Service)
mpalillo@palillolaw.com
(Not for Service)

Signature (Rule 130-1.1-a)
*Michael B. Palillo*

MICHAEL B. PALILLO, ESQ.